IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6;11-cv-1737-Orl-28DAB

JASON TERENZI,

    Plaintiff,

v.

VISION FINANCIAL CORP
a/k/a VISION FINANCIAL SERVICES,

    Defendant.
_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where the Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff, JASON TERENZI ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Volusia, and City of Daytona Beach.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, VISION FINANCIAL CORP. a/k/a VISION FINANCIAL SERVICES ("Defendant"), is a corporation who at all relevant times was engaged, by use of the

mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with collection of an alleged debt in default, Defendant called Plaintiff's cellular telephone on August 24, 2011, at 9:08 P.M., a time which Defendant knew or should have known to be inconvenient for Plaintiff.

12. Defendant called Plaintiff's cellular telephone on September 7, 2011 at 9:38 P.M., a time which Defendant knew or should have known to be inconvenient for Plaintiff.

## COUNT I

13. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 12.

14. Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

15. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-12.

16. Defendant violated §559.72(17) of the Florida Consumer Collection Practices Act by communicating with the debtor between the hours of 9 P.M. and 8 A.M. in the debtor's time zone without the prior consent of the debtor.

17. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

    d)       Plaintiff's attorneys' fees and costs;

    e)       Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

18.      Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this <u>26th</u> day of October, 2011.

                       Respectfully submitted,
                       **JASON TERENZI**

                       By: <u>s/ Alex D. Weisberg</u>
                       ALEX D. WEISBERG
                       FBN: 0566551
                       WEISBERG & MEYERS, LLC
                       ATTORNEYS FOR PLAINTIFF
                       5722 S. Flamingo Rd, Ste. 656
                       Cooper City, FL 33330
                       (954) 212-2184
                       (866) 577-0963 fax
                       aweisberg@attorneysforconsumers.com